Putnam J.
delivered the opinion of the Court. If the contract made by Morse and the respondent trustees, is per se an arrangement of property which would be legally fraudulent and void as against creditors, the argument of the plaintiffs’ counsel should prevail. But we do not perceive any thing unusual or fraudulent in the contract. Morse had skill as a manufacturer, and the supposed trustees had property; and the amount of $300 was deposited as some security for the losses which they might, sustain ; and Morse, desirous of ob *483 taining employment and having confidence in the success of his enterprise, agreed that it should remain, to be applied subject to the contingencies which are therein contained. Now it seems to us, that this was a contract which was, at the time, apparently mutually beneficial to the parties, and evidently for the benefit of the public ; for skill and capital would be brought into active operation, which otherwise might lie dormant. This being in itself a reasonable and lawful contract, it is not competent for a creditor of Morse to put an end to it against his consent. The parties had a right, for a reasonable time at least, to proceed in the execution of their agreement.
But the money which was deposited, was to be paid upon contingencies, which are contained in the contract, and so is not liable to this process. It was as contingent as were the cases cited relating to seamen’s wages, and adventures upon half profits, which were attached before the termination of the voyage. The creditor could not avail himself of the foreign attachment, because the wages might never be earned, or the adventure might be lost; because, in short, it was not a debt certainly due, but a matter contingent. And so is the case at bar. It was just as uncertain, when the supposed trustees were summoned, whether Morse would ever be entitled to recover the $ 300 deposited, as it was, in the cases cited, whether the seaman would earn his wages or the shipper his half profits. The seaman could maintain no action until the termination of the voyage, nor could Morse have maintained any before this concern was closed.[1]
We are all of opinion that the trustees should be discharged.

 See Guild v. Holbrook, ante, 101; Tucker v. Clisby, 12 Pick. 22; Meacham v. McCorbilt, 2 Metc. 352; Wheeler v. Bowen, 20 Pick. 563; Holbrook v. Waters, 19 Pick. 354; Stone v. Hodges, 14 Pick. 81; Taber v. Nye, 12 Pick 105.